Filed 4/24/25  In re Naiomi M. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re NAIOMI M. et al., | B337609 |
| Persons Coming Under the Juvenile Court Law. | (Los Angeles County Super. Ct. No. 19CCJP00571EFGH) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
|     Plaintiff and Respondent, | |
|     v. | |
| R.R., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen C. Marpet, Commissioner.  Dismissed.

Liana Serobian, by appointment of the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Veronica Randazzo, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

R.R. (mother) challenges the juvenile court's jurisdictional findings and dispositional orders in sustaining a Welfare and Institutions Code section 300[1] petition against her. We conclude mother's appeal was rendered moot by the juvenile court's subsequent custody orders and termination of jurisdiction over mother's children. Having determined mother's appeal is moot, we decline to exercise our discretion to reach the merits of her arguments and dismiss her appeal.

As the parties are familiar with the facts and procedural history of the case, we do not restate those details in full here. Below, we discuss only the facts and history as needed to resolve—and provide context for—the issues presented on appeal.

## PROCEDURAL BACKGROUND

### I. *Challenged Orders*

On December 29, 2023, a first amended petition was filed by the Los Angeles County Department of Children and Family Services (Department) alleging that mother neglected her four children by failing to take them to necessary medical appointments or address the severe behavioral issues they displayed at school. On April 15, 2024, the juvenile court sustained all six counts asserted against mother. At disposition, the juvenile court removed all four children from mother's care and placed them with Luis F. (father).[2] The court also ordered mother to participate in individual counseling and a

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2]     Luis F. is the biological father of three of these children and was designated as the presumed father of the fourth.

parenting class.  Mother was granted unmonitored visitation with the children at least twice per week.  Mother appeals the juvenile court's jurisdictional findings and dispositional orders.

II.    *Subsequent Proceedings*

On appeal, the Department filed a request for judicial notice asking this court to judicially notice several orders entered by the juvenile court on October 14 and 21, 2024, while this appeal was pending.  In these orders, the juvenile court terminated its jurisdiction over the children and awarded sole legal and physical custody to father.  The Department argues these orders are relevant to mother's appeal because they support the Department's position that mother's appeal is moot and should be dismissed.

Mother opposes the Department's request for judicial notice.  She argues it is improper to "creat[e] a new record with these [*sic*] post-judgment evidence."  We disagree.  "The appellate court . . . may take judicial notice of the records of any court of this state, provided that each party has a reasonable opportunity to address the propriety of taking judicial notice and the tenor of notice to be taken."  (*In re M.F.* (2022) 74 Cal.App.5th 86, 110 (*M.F.*).)  "While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot."  (*Ibid.*; *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal. 3d 800, 813 [noting that appellate "courts have not hesitated to consider postjudgment events … when subsequent events have caused issues to become moot"].)  There is nothing inherently improper in our taking judicial notice of court records that have rendered an appeal moot.

Mother also argues the Department's request for judicial notice was improperly titled because it "was also a Motion To Dismiss The [*sic*] Appeal as moot." This characterization of the Department's request has no support in the record. The only relief sought in the Department's request is that "this Court take judicial notice of the documents attached as Exhibits 1 through 4." The only reference to mootness in the request is the statement that the documents "support [the Department's] position that mother's appeal should be dismissed as moot." This statement does not amount to a motion for dismissal; rather, it is the statement required of the Department under the California Rules of Court. (See Cal. Rules of Court, rule 8.252(a)(2)(A) [a request for judicial notice "must state" "[w]hy the matter to be noticed is relevant to the appeal"].)

We grant the Department's request for judicial notice, "but limit the scope of our consideration of the order[s] to whether the asserted error remains justiciable." (*M.F.*, *supra*, 74 Cal.App.5th at p. 111.)

## DISCUSSION

### I. *Mother's Appeal is Moot*

The Department argues mother's appeal should be dismissed as moot. "In general, it is a court's duty to decide ""actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."" [Citation.]" (*In re David B.* (2017) 12 Cal.App.5th 633, 644.) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.) "For relief to be 'effective,' two requirements must be met. First, the

4

plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*In re D.P.* (2023) 14 Cal.5th 266, 276 (*D.P.*).) "This rule applies in the dependency context." (*Ibid.*) "An order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot." (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 (*Rashad D.*).)

In *Rashad D.*, *supra*, 63 Cal.App.5th 156, our colleagues in Division Seven explained that "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order. But in most cases . . . for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Id.* at p. 159.)

It is undisputed that mother did not appeal the October 2024 orders terminating dependency jurisdiction and awarding father custody of the children. Although we agree with mother that the juvenile court's jurisdictional findings impacted the October 2024 orders, we are unable to provide her with any relief from those orders. By not appealing the October 2024 orders awarding father custody and terminating the juvenile court's jurisdiction over the children, mother "forfeited any challenge to those rulings, including the juvenile court's jurisdiction to issue them." (*Rashad D.*, *supra*, 63 Cal.App.5th at p. 167; accord *In re Gael C.* (2023) 96 Cal.App.5th 220, 224–226 (*Gael C.*).) We have no jurisdiction to review and change mother's custody rights, and "the juvenile court has no jurisdiction to conduct further hearings in the now-closed case." (*Rashad D.*, *supra*, 63 Cal.App.5th

5

at p. 164; see also *In re Michelle M.* (1992) 8 Cal.App.4th 326, 330 ["where jurisdiction has been terminated and is final . . . , jurisdiction cannot be conferred upon the appellate court"]; see also § 304 [juvenile court has exclusive jurisdiction to hear proceedings regarding custody "until the time that the petition is dismissed or dependency is terminated"]; Cal. Rules of Court, rule 5.620(a) [same].)

In arguing this action is moot, the Department cites both *Rashad D.* and *Gael C.* Mother does not address either case in her opening brief, reply brief, or in her opposition to the Department's request for judicial notice. Instead, mother argues that "when a prejudicial error infects the later proceedings, then the later orders are subject to summary reversals." Mother cites *In re Samuel A.* (2021) 69 Cal.App.5th 67, in support of this claim. *In re Samuel A.* is inapplicable here. In that case, the appellate court reversed the juvenile court's appointment of a guardian ad litem for mother and remanded the case with directions to vacate the order appointing the guardian ad litem "and all subsequent orders in which [appellant] was denied the right to directly communicate with her counsel." (*Id.* at p. 85.) However, there was no indication in *In re Samuel A.* that the juvenile court had terminated its jurisdiction. Accordingly, *In re Samuel A.* did not decide the question of whether the juvenile court can now revisit its prior orders having terminated its jurisdiction in the action. (See *B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 11 ["As we have repeatedly observed, '"cases are not authority for propositions not considered"'"].)

That question was squarely answered by *Rashad D.*, which determined that absent an appeal of the order terminating jurisdiction, the juvenile court could not revisit its prior orders, and the appellate court could offer no effective relief to a parent asserting errors in jurisdictional findings and

6

dispositional orders. (*Rashad D.*, *supra*, 63 Cal.App.5th at p. 164.) Mother offers no response to the mootness analysis presented in *Rashad D.* and does not attempt to distinguish it. "Under these circumstances we see no reason not to apply the holding of *In re Rashad D.*" (*Gael C.*, *supra*, 96 Cal.App.5th at p. 225.) Applying *Rashad D.*, we conclude mother's appeal was rendered moot by the juvenile court's October 2024 orders.

Mother argues her appeal should not be deemed moot because the juvenile court's jurisdictional findings could result in her inclusion in California's Child Abuse Central Index (CACI) (Pen. Code, § 11170). Our California Supreme Court expressly rejected this same argument on analogous facts. (*D.P.*, *supra*, 14 Cal.5th at pp. 280–281.) As in *D.P.*, mother does not assert that she "has actually been reported for inclusion in the CACI." (*Id.* at p. 280.) The mere possibility that mother could potentially be included in the CACI in the future is "too speculative for purposes of avoiding mootness." (*Ibid.*)

Furthermore, only certain cases are eligible for inclusion in the CACI. (*D.P.*, *supra*, 14 Cal.5th at p. 281.) For purposes of inclusion in the CACI, a distinction is drawn between cases of "general" neglect and "severe" neglect. (*Ibid.*) As the Supreme Court explained: "'"Severe neglect"' is defined as 'the negligent failure . . . to protect the child from severe malnutrition or medically diagnosed nonorganic failure to thrive,' or 'willfully caus[ing] or permit[ing] the person or health of the child to be placed in a situation such that their person or health is endangered.' [Citation.] '"General neglect"' means the negligent failure of a person having the care or custody of a child to provide adequate food, clothing, shelter, medical care, or supervision where no physical injury to the child has occurred but the child is at substantial risk of suffering serious physical harm or illness.' [Citation.] Only reports of

7

'child abuse or severe neglect'—not 'general neglect'—must be forwarded to the CACI." (*Ibid*.) As the Department notes, the allegations sustained against mother do not fall within the category of "severe" neglect cases that must be forwarded for inclusion on the CACI. Mother offers no response or rebuttal to this argument. We conclude mother's speculative assertions about the CACI are insufficient to avoid mootness. (*D.P.*, *supra*, 14 Cal.5th at p. 280.)

Citing *D.P.*, mother argues her appeal is not moot because she "remains harmed by the custody orders" entered in October 2024, and thus "the controversy is very much alive." *D.P.* set out a two-part test for determining whether an appellate court could provide effective relief. "First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*D.P., supra,* 14 Cal.5th at p. 276.) Mother's claim of ongoing harm, standing alone, is insufficient to avoid a finding that her appeal is moot. Mother must also establish that we can redress or rectify that alleged harm. She has not done so. As mother did not appeal the October 2024 orders, we are unable to provide her with any relief from those orders. Mother will remain impacted by those orders regardless of whether we reach the merits of her appeal.

We conclude mother's appeal is moot.

II.    *Dismissal is Appropriate*

A finding that mother's appeal has been rendered moot does not automatically result in the dismissal of this action. "Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute." (*D.P.*, *supra*, 14 Cal.5th at p. 282.) Courts will generally exercise that discretion "only when the case presents an issue of broad public interest

8

that is likely to recur, when there may be a recurrence of the controversy between the parties or when a material question remains for the court's determination." (*Gael C.*, *supra*, 96 Cal.App.5th at p. 224.)

In *D.P.* the Supreme Court identified additional factors for appellate courts to consider in exercising this discretion in the context of dependency proceedings. (*D.P.*, *supra*, 14 Cal.5th at pp. 284–286.) Those factors include: (1) whether the challenged jurisdiction finding could potentially impact the current or future dependency proceedings, (2) the egregiousness or stigma of the allegations against the parent, and (3) the reason the case became moot. (*Ibid.*)

Mother does not contend that any of these factors weigh in favor of discretionary review. While mother cites *D.P.*, she does so only to argue her case is not moot. She does not ask us to exercise our discretion to reach the merits of her moot appeal. The Department argues extensively that discretionary review is inappropriate in this case under the factors outlined in *D.P.* By failing to address this point, mother impliedly concedes that discretionary review is unwarranted here. (*People v. Bouzas* (1991) 53 Cal.3d 467, 480 [argument is conceded by failure to address it on appeal]; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 529 [party "effectively concedes" issue by failing to address it in brief]; *Glendale Redevelopment Agency v. Parks* (1993) 18 Cal.App.4th 1409, 1424 [appellants "impliedly concede" an issue by failing to address it].)

Instead, mother argues we should deny the Department's request to dismiss the appeal because it was "a violation of [Cal. Rules of Court,] rule 8.204" for the Department to address mootness in its respondent's brief rather than filing a separate motion to dismiss the appeal. We find no support for mother's position. Nothing in rule 8.204 prohibits parties from

9

arguing for dismissal on mootness grounds within their appellate briefing. We note rule 8.204 is divided into subdivisions (a) through (e), which are further subdivided into multiple subparts. Mother does not quote, cite, or otherwise identify any provision of rule 8.204 that supports her position. We can discern no basis to find the Department violated rule 8.204 by arguing for dismissal on mootness grounds in its respondent's brief.

Having considered the *D.P.* factors, we decline to exercise our discretion to reach the merits of mother's appeal. This appeal does not present any issues of public interest, nor does it present a possibility of a recurrence of the controversy between the parties. There are no material questions that remain for the court's determination as the juvenile court has terminated jurisdiction over the children. Mother's appeal did not become moot because of her prompt compliance with her case plan, but rather because she chose not to appeal the juvenile court's orders awarding sole custody of her children to father. The jurisdictional findings substantiated against her in this action are not egregious or stigmatizing when we consider that mother has previously had findings substantiated against her for neglect and substance abuse in prior dependency actions. Under these circumstances, we decline to exercise our discretion to reach the merits of mother's appeal.

//
//
//
//
//
//

## DISPOSITION

The appeal is dismissed as moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, Acting P. J.

WE CONCUR:


COLLINS, J.


MORI, J.